**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

IVAN GOLDSTEIN                    *
                                        *
         v.                *   Civil Action WMN-09-706
                                        *
THE LINCOLN NATIONAL LIFE      *
INSURANCE COMPANY                *

      *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

This case involves a dispute regarding the cancellation of Plaintiff Ivan Goldstein's life insurance policy by Defendant Lincoln National Life Insurance Company (Lincoln National).  Mr. Goldstein purchased a universal life policy with a death benefit of $1,100,000 in 1985 when he was 38 years old.  The policy included flexible premiums, which allowed Mr. Goldstein to pay his semi-annual planned premium in any amount at any time, subject to certain conditions.  The premiums were deposited into an interest bearing account, the accrued value of which was the policy's "cash value."  Lincoln National made monthly deductions from this account for the cost of insurance and associated fees, and as long as the cash value was sufficient to cover these costs, the policy remained in force.  The policy included a "Grace Period" provision, so that if and when Mr. Goldstein's cash value was insufficient to cover the policy's monthly costs, he was given a sixty-day grace period to make an additional minimum payment to maintain the policy.  The policy also

required Lincoln National to notify Mr. Goldstein of any deficiency at least thirty days prior to the end of the grace period.  If the minimum payment was not received by the end of the grace period, then the policy would immediately terminate.

As Mr. Goldstein aged, the cost to insure him increased. As a result, the cost of the policy eventually exceeded the planned premiums Mr. Goldstein paid each year, causing the policy's cash value to decline.  In February 2005, Mr. Goldstein received his first grace period notice.  To prevent a lapse, Mr. Goldstein remitted the minimum additional amount of money necessary to keep the policy in force.  The minimum payment, however, was sufficient only for the upcoming months, and, as Mr. Goldstein never increased his planned semi-annual premiums to rebuild his cash value, between 2005 and mid-2007 his balance continued to hover around zero.  He received several more grace period notices and each time paid the minimum amount necessary to avoid a lapse.

Subsequently, in August 2007, Mr. Goldstein received a notice from Lincoln National stating that his policy had lapsed because he had failed to make the minimum payment, which had been due on June 8, 2007.  Mr. Goldstein alleges that Lincoln National breached the insurance contract because it failed to provide notice at least 30 days prior to the end of the grace period of the minimum amount he had to pay to maintain the

policy.  Lincoln National contends that it sent the required
grace period notice.[1]

This Court previously ruled on dispositive motions and the
only issue remaining for trial is whether Lincoln National
provided the required notice prior to termination of the policy.
This case is currently scheduled to begin trial on April 16,
2012, and Lincoln National has filed two motions in limine that
are now ripe for decision: (1) Motion to Exclude Evidence or
Argument Regarding the "Present Value" of the Policy Death
Benefit, ECF No. 65, and (2) Motion to Exclude the Testimony of
Richard L. Bergstrom, FSA, MAAA, ECF No. 66.

Both of these motions are premised in large part on Lincoln
National's contention that, if Mr. Goldstein is able to prove
that Lincoln National failed to provide the notice required by
the policy, the only remedy to which he is entitled is
reinstatement of the policy.  As such, Lincoln National argues,
any evidence or expert testimony related to the value of the
death benefit is irrelevant because the death benefit is not
available as a remedy, and, therefore, such evidence and
testimony are inadmissible.  Mr. Goldstein contends that he is
entitled to a choice of remedies so that he may choose to
recover the present value of the policy death benefit as

---

[1] A more lengthy recitation of the facts can be found in this
Court's January 4, 2011, Memorandum on summary judgment.  ECF
No. 50.

damages, and therefore such evidence and testimony is relevant and admissible. As presented, it is clear that the question of remedies is a threshold issue that will largely determine both motions.

After careful consideration of the pleadings and applicable law, the Court agrees with Lincoln National that the only available remedy is reinstatement of the policy, subject to payment of past due premiums.

It is undisputed that Mr. Goldstein's policy was cancelled due to a lapse in payment; he does not allege that payment was in fact tendered within the time allowed or that Lincoln National somehow miscalculated and there were sufficient cash reserves to maintain the policy. Rather, his only argument is that Lincoln National could not cancel the policy because it failed to provide the grace period notice prior to cancellation. This notice, the parties acknowledge, was required per the terms of the policy. In other words, Mr. Goldstein alleges that Lincoln National failed to fulfill the policy's condition of giving notice prior to the end of the grace period.

Pursuant to Maryland law, a provision in an insurance policy that requires the insurer to give notice prior to cancellation of the policy is considered a condition precedent which must be fulfilled before the company can perform the act of cancellation. Am. Fire Ins. Co. v. Brooks, 34 A. 373, 376

(Md. 1896).  If the insurer fails to fulfill the condition, then the act of cancellation is void and the policy remains in force. Id.; see also Fid. & Cas. Co. of N.Y. v. Riley, 178 A. 250, 253 (Md. 1935) (holding that policy remained in force because insurer failed to fulfill cancellation clause); Rockwood Cas. Ins. Co. v. Uninsured Employer's Fund, 867 A.2d 1026, 1038-39 (Md. 2005) (holding that the insurer's notice did not comply with statutory requirements so its attempt to cancel the policy failed).  Therefore, it follows logically that when an insurer cancels a policy without first providing the insured with required notice, the proper remedy is for the Court to declare that the policy remains in force, as if cancellation never happened.

Mr. Goldstein attempts to distinguish the three Maryland cases cited above.  He argues that the cited cases do not involve life insurance policies, but rather involve a fire insurance policy, an automobile liability policy and a worker's compensation policy.  The Court does not view this as problematic because the type of loss against which a policyholder seeks to insure him or herself does not affect the function of a cancellation notice provision, a provision which is generally found in every type of insurance policy.

Mr. Goldstein also argues that a life insurance policy is different because it provides a benefit upon death, an event

that is certain to occur, as opposed to other types of policies
that insure against risks that are not certain to occur.  Where
the risk is not certain to occur, he argues, the only logical
remedy for failure to provide notice prior to cancellation is
reinstatement of the policy.  It would not make sense for the
insured to have the option of receiving the policy benefit
because there is no guarantee that the insurer would ever have
to pay for a loss under the policy.  In contrast, Mr. Goldstein
argues, the owner of a life insurance policy is guaranteed that
eventually the insurer will have to pay the policy benefit
because it is inevitable that the owner will eventually die; as
such, it is reasonable to give the life insurance owner a choice
to receive the benefit, even if the holder of a different type
of policy would not get this choice under the same circumstances
of failed cancellation.  What this argument fails to capture,
however, is that though death is a certainty, continuation of
the policy up until death is not; the policy may be forfeited,
for example, if the policyholder ceases making premium payments.

In support of his argument that he is entitled to a choice
of remedies, including a choice to receive the present day value
of the death benefit, Mr. Goldstein primarily relies on a number
of cases,[2] all which are found in an American Law Reports article

---

[2] The Court notes that none of the cases cited in support of Mr.
Goldstein's choice of remedies argument came from a Maryland

entitled "Remedies and Measure of Damages for Wrongful
Cancellation of Life, Health, and Accident Insurance," 34 A.L.R.
3d 234 (1978).  These cases all involve a set of facts where the
insurer was the first party to breach the contract because it
wrongfully refused to accept tendered premium payments or
otherwise cancelled the policy without a valid reason.  See,
e.g., Day v. Conn. General Life Ins. Co., 45 Conn. 480 (Conn.
1878) (insurer wrongfully refused to accept payment of annual
premium); American Ins. Union v. Woodard, 118 Okla. 248 (Okla.
1926) (insurer wrongfully cancelled policy when insured was no
longer insurable); Clemmitt v. New York Life Ins. Co., 76 Va.
355 (Va. 1882) (insurer wrongfully refused to collect premiums
after war ended); Merrick v. Northwestern Nat. Life Ins. Co, 124
Wis. 221 (Wis. 1905) (insurer conceded that it wrongfully
refused to accept further payment of premiums).

These cases are distinguishable because they are strictly
"wrongful cancellation" cases in which the insurer breached the
contract by failing to keep the policy in force even though the
policyholder had fulfilled its obligations.[3]  In contrast,

---

court or applied Maryland law, despite the present case being
governed by Maryland substantive law pursuant to applicable
choice of law principles.  See Glaser v. Hartford Cas. Ins. Co.,
364 F. Supp. 2d. 529 (D. Md. 2005).

[3] As a footnote to the article specifically notes, these cases do
not involve facts where an attempted cancellation, whether valid
or invalid, was not effective because of failure to give proper

Lincoln National had a right to cancel Mr. Goldstein's policy for failure to make required premium payments.  Per the terms of the policy contract, non-payment of premiums (or, in this case, failure to maintain a sufficient cash value to cover monthly deductions) is a stated reason for cancellation.  See Ex. A at 7 ("This policy . . . will continue in force according to [its] terms as long as the cash value, less any indebtedness, is sufficient to cover the monthly deduction.  If such value is not sufficient, the policy will terminate according to the Grace Period provision.")  See also New York Life Ins. Co. v. Statham, 93 U.S. 24 (1876) (noting that "promptness of payment is essential in the business of life insurance" and, therefore, companies must forfeit policies for nonpayment as a means to protect themselves); Franklin v. N. Life Ins. Co., 4 Wn. 2d. 541, 557 (Wash. 1940) ("Failure to pay the premiums would, of course, give to the insurer the right to terminate the policy. That right is no different than the right which may be exercised by the insurer under any form of insurance policy.").  Lincoln National cancelled the policy only after Mr. Goldstein breached the contract by failing to make the required payment by the due date or within the 60 day grace period.  Therefore, the cancellation of the policy was not wrongful.

---

notice or otherwise follow certain cancellation protocol.  34 A.L.R. 3d. 245 at n. 2.

For these reasons, if Mr. Goldstein can prove by a preponderance of the evidence that Lincoln National failed to fulfill the notice condition, then the cancellation will be void and the policy will continue in force, subject to the payment of past due premiums.

Having made the threshold determination that the only available remedy is reinstatement of the policy, the Court now turns to the pending motions in limine.

1. **Motion In Limine to Exclude Evidence or Argument**

The Federal Rules of Evidence prescribe that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Furthermore, the Rules explain that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401.

Lincoln National's underlying argument in support of this motion is that because Mr. Goldstein cannot recover the present value of the death benefit, any evidence or argument regarding this unavailable remedy should be excluded as irrelevant and inadmissible. In opposing the motion, Mr. Goldstein argues that the evidence is relevant and should not be excluded because the death benefit is an available remedy. As the Court has determined the present value of the death benefit is not an available remedy and the Court cannot divine, nor has Mr.

Goldstein offered, any reason why such evidence would be relevant absent the availability of this remedy, the Court holds that evidence or argument regarding the "present value" of the policy death benefit is irrelevant because it relates solely to a fact that is of no consequence to the resolution of the matter.  Therefore, such evidence is inadmissible, and Lincoln National's motion in limine to exclude such evidence and argument will be granted.

   2. **Motion In Limine to Exclude Expert Testimony**

     Federal Rule of Evidence 702 permits a qualified expert witness to testify if, among other requirements,
 "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  As stated by the United States Supreme Court, "[t]his conditions goes primarily to relevance," Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579, 591 (1993), as "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Id. (quoting 3 Weinstein & Berger ¶ 702[02], 702-18).  Therefore, expert testimony that is not relevant is not admissible.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).

     Lincoln National seeks to exclude the testimony of expert witness Richard L. Bergstrom, FSA, MAAA.  Based on the expert report attached to the motion, it appears that the content of

Mr. Bergstrom's contemplated testimony relates solely to an explanation of the actuarial calculations used to estimate Mr. Goldstein's estimated life expectancy and then the use of that estimated life expectancy to calculate the present value of the death benefit.   <u>See</u> Ex. G.  Lincoln National argues that Mr. Bergstrom's testimony should be excluded because it is both unreliable and irrelevant.  Mr. Goldstein disputes that the testimony is unreliable and is silent on the issue of relevance, though the Court assumes this is because he already addressed the relevance issue in the context of the motion to exclude evidence.

The issue for trial is simply whether or not Lincoln National provided Mr. Goldstein with the grace period notice prior to cancellation of the policy.  Mr. Bergstrom's testimony regarding Mr. Goldstein's estimated life expectancy and the present value of the death benefit would not provide any assistance to the jury in resolving this issue.  Therefore, such evidence is irrelevant and inadmissible, and Lincoln National's motion in limine to exclude Mr. Bergstrom's testimony will be granted.

Accordingly, IT IS this 27th day of March, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Lincoln National's Motion to Exclude Evidence or Argument Regarding the "Present Value" of the Policy Death Benefit, ECF No. 65, is GRANTED;

2) That Motion to Exclude the Testimony of Richard L. Bergstrom, FSA, MAAA, ECF No. 66 is GRANTED; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge