**IN THE UNITED STATES DISTRICT COURT**
                          **FOR THE DISTRICT OF MARYLAND**

```
IVAN GOLDSTEIN                    *
                                  *
          v.                      *  Civil Action WMN-09-706
                                  *
THE LINCOLN NATIONAL LIFE         *
INSURANCE COMPANY                 *

     *    *    *    *    *    *    *    *    *    *    *    *
```

                                    **MEMORANDUM AND ORDER**

This case involves a dispute regarding the cancellation of Plaintiff Ivan Goldstein's life insurance policy by Defendant Lincoln National Life Insurance Company (Lincoln National). The sole issue remaining for trial is whether, as required by the policy, Lincoln National provided Mr. Goldstein with a grace period notice prior to cancellation of the policy.[1] Currently pending before the Court is a Motion in Limine filed by Lincoln National, which seeks (1) to exclude from evidence a letter dated May 14, 2008, which was sent by Lincoln National to the Maryland Insurance Administration (MIA), and (2) to preclude Plaintiff Ivan Goldstein from conflating the terms "premium notice" and "grace period notice" at trial.

The Federal Rules of Evidence prescribe that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Furthermore, the Rules explain that evidence is relevant if it

---

[1] A more lengthy recitation of the facts can be found in this Court's January 4, 2011, Memorandum on summary judgment. ECF No. 50.

has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.  Fed. R. Evid. 401.  "The Rule's basic standard of relevance thus is a liberal one."  Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579, 592 (1993).  Notwithstanding, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury."  Fed. R. Evid. 403.

The May 14, 2008, letter (Letter) is a piece of correspondence sent by Lincoln National in response to a letter it had previously received from the MIA.  See ECF No. 75-2.  The Letter appears to specifically respond to several inquiries that were made by the MIA and explains why Lincoln National refused to reinstate Mr. Goldstein's policy after it lapsed.  The only reference made to the grace period notice is a general statement that "grace notices were sent and the policy terminated in accordance with the terms of the policy."  Id. at 3.

Lincoln National argues that the Letter should be excluded both because it is irrelevant to a determination of whether or not the grace period notice was sent and because "Lincoln National anticipates Mr. Goldstein will attempt to mislead the jury by arguing the letter is an admission by Lincoln National that the July 3, 2007, grace period notice. . . was not mailed

2

to him." ECF No. 75-1 at 2. Specifically, Lincoln National is concerned that Mr. Goldstein intends to raise the same argument he made in his opposition to summary judgment, i.e., that the Letter's statement that the "last premium notice" was mailed in March 2007 demonstrates that the July 3, 2007, grace period notice was never sent. ECF No. 87 at 1. Lincoln National is concerned that this argument would confuse the jury, in the same way that Mr. Goldstein's conflation of the terms "premium notice" and "grace period notice" would be misleading.

Mr. Goldstein opposes the Motion and argues that the Letter is relevant "because Lincoln National relies heavily on the presumption of receipt of its mailings" to make its case. ECF No. 86-1 at 2. The presumption to which he refers is that explained by this Court in the memorandum on summary judgment:

> In Maryland, properly mailed material is entitled to a rebuttable presumption that the material was delivered and received. Benner v. Nationwide Mutual Ins. Co., 93 F.3d 1228, 1234 (4th Cir. 1996) (citing Border v. Grooms, 297 A.2d 81, 83 (Md. 1972); McFerren v. Goldsmith-Stern Co., 113 A. 107, 109 (Md. 1921)). Evidence of ordinary business practices concerning the mailing of notices is sufficient to prove the notices were properly mailed and therefore entitled to the presumption. Id. (summarizing Maryland cases).

ECF No. 50 at 7. At trial, Lincoln National will likely provide evidence regarding its automated notice system to show that it is entitled to a presumption that the grace period notice was properly sent. Mr. Goldstein intends to use the Letter, along

3

with his sworn testimony and additional documentation, to rebut the presumption that when a notice is mailed by Lincoln National, receipt of the notice is a certainty.  ECF No. 86-1 at 2.

Mr. Goldstein further takes issue with Lincoln National's concern that he will attempt "to confuse and mislead the jury by conflating the terms 'premium notice' and 'grace period notice' at trial."  See ECF No. 75-1 at 3.  He states that his counsel intends to proceed at trial in accordance with the Rules of Professional Conduct, and will thus comport themselves ethically and professionally, as required by all members of the Bar.

In view of the liberal standard accorded to determinations of relevance as well as the professional obligations with which all counsel are charged, the Court will decline to exclude the Letter.  The Letter refers to some of the circumstances surrounding the cancellation of the policy and if Mr. Goldstein believes it will help his case, he may present it to the jury. The Court does not foresee that the jury will be confused by the terminology in the letter, which does not itself conflate the terms "premium notice" and "grace period notice."  Moreover, as the Rules of Professional Conduct explicitly prohibit counsel from knowingly misrepresenting facts or offering false evidence to the jury, see Model Rules of Prof'l Conduct R. 3.3, it would clearly be a violation for counsel to insinuate that these terms

4

mean the same thing, particularly as this Court has already determined that they terms are not interchangeable.  See ECF No. 50 at 11.  The Court does not foresee that this will be an issue, but should it appear that Mr. Goldstein's counsel has mislead the jury, the Court will intervene to instruct the jury as necessary.

Accordingly, IT IS this 7th day of August, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Lincoln National's Motion in Limine to Exclude Letter Regarding "Last Premium Notice" and to Preclude Misuse of the Term "Premium Notice," ECF No. 87, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge